UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re: Chapter 7

Michael James Resciniti and Hedieh Resciniti, Case No. 8-16-70669-las

Debtors.

---------------------------------------------------------------x

Bruce J. Guarino and Rockwell Global Capital, LLC, Adv. Pro. No. 8-16-08068-las

Plaintiffs,

v.

Michael James Resciniti,

Defendant.

---------------------------------------------------------------x

MEMORANDUM DECISION AND ORDER
DENYING DEFENDANT'S MOTION FOR SANCTIONS

Before the Court is defendant Michael James Resciniti's motion for sanctions under Bankruptcy Rule 9011 against plaintiff Bruce J. Guarino and his counsel, Robert M. Bursky. [dkt. no. 36]. For the reasons that follow, defendant's motion for sanctions is denied.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) in which final orders or judgments may be entered by this Court pursuant to 28 U.S.C. § 157(b)(1).

I. Background

Plaintiffs Guarino and Rockwell Global Capital, LLC commenced this adversary proceeding asserting that the debt owed to them by defendant, the debtor in this chapter 7 case, is not dischargeable under 11 U.S.C. § 523(a)(19). [dkt. no. 1]. Defendant filed an answer

to the complaint. [dkt. no. 35]. Defendant then asked the Court to impose sanctions under Bankruptcy Rule 9011(b)(2) and (3) against Guarino and Bursky. [dkt. no. 36]. Guarino and Bursky filed opposition to the motion. [dkt. no. 37]. Thereafter, the parties stipulated to the dismissal of plaintiffs' complaint. [dkt. no. 43]. The stipulation of dismissal did not resolve defendant's motion for sanctions and the parties reserved their rights.[1]

II. Discussion

Bankruptcy Rule 9011(c)(1)(A) provides that a "motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . ." Fed. R. Bankr. P. 9011(c)(1)(A). The twenty-one-day safe harbor provision allows the "other party . . . the opportunity to withdraw or amend the challenged paper" and "is intended . . . 'to reduce the number of motions for sanctions presented to the court.'" *In re Taub*, 439 B.R. 276, 282 (Bankr. E.D.N.Y. 2010) (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).[2] Bankruptcy Rule 9011 is to be utilized sparingly and should not be used as a tactical device. *Id.* at 281 (citing *Nakash v. U.S. Dep't of Justice*, 708 F. Supp. 1354, 1370 (S.D.N.Y. 1988)). As such, courts interpret the safe harbor provision as "a strict procedural requirement" and the failure of the party requesting sanctions to serve a copy of the sanctions

---

[1] Although the adversary proceeding has been dismissed, the Court has jurisdiction over the motion for sanctions as "[i]t is clear that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-97 (1990). "Collateral issues" include whether sanctions are appropriate under Fed. R. Civ. P. 11. *Id.* at 395. Likewise, bankruptcy courts retain jurisdiction over the collateral issue of whether sanctions may be imposed under Bankruptcy Rule 9011 after an adversary proceeding in a chapter 7 case is voluntarily dismissed. *See, e.g.*, *Steffen v. Kline* (*In re Steffen*), 418 B.R. 471, 474 (Bankr. M.D. Fla. 2009); *In re Henderson*, 360 B.R. 477, 483-44 (Bankr. D.S.C. 2006); *Troost v. Kitchin* (*In re Kitchin*), 327 B.R. 337, 359 (Bankr. N.D. Ill. 2005).

[2] When analyzing Bankruptcy Rule 9011, courts often rely on cases that interpret Fed. R. Civ. P. 11 due to their similarities. *In re Marsch*, 36 F.3d 825, 829 (9th Cir. 1994); *In re Kersner*, 412 B.R. 733, 743 (Bankr. D. Md. 2009) ("Because of the similarity between Bankruptcy Rule 9011 and Fed. R. Civ. P. 11, 'in deciding cases based on violations of Rule 9011, courts may look to cases that interpret [Fed. R. Civ. P.] 11.'" (quoting *In re Weiss*, 111 F.3d 1159, 11740 (4th Cir. 1997))).

motion on the opposing party at least twenty-one days prior to filing the motion with the court will, in and of itself, preclude the imposition of sanctions under Bankruptcy Rule 9011. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012); *Desiderio v. Parikh* (*In re Parikh*), 508 B.R. 572, 588 (Bankr. E.D.N.Y. 2014).

Here, the record placed before the Court does not show that defendant complied with Bankruptcy Rule 9011(c)(1)(A)'s safe harbor provision. Although defendant's counsel states in his affirmation in support of the motion that "[a] copy of this motion was served in accordance with [Rule] 7004 at least 21 days prior to the filing of this motion with the Court" [dkt. no. 36-1 at¶ 27], no affidavit of service was filed to establish compliance with the mandate of Bankruptcy Rule 9011(c)(1)(A)'s twenty-one-day safe harbor provision. The only affidavit of service submitted in connection with the motion for sanctions states that the motion was served upon Guarino and Bursky on the same day it was filed with the Court. [dkt. no. 36-4].[3]

As noted above, the failure of the party requesting sanctions to comply with the safe harbor provision constitutes grounds for denial of the motion. *Narumanchi v. Abdelsayed* (*In re Narumanchi*), 471 B.R. 35, 42 (D. Conn. 2012) ("Courts in this circuit have frequently denied motions for sanctions in the bankruptcy context because the movant failed to comply with the safe harbor requirements of Rule 9011(c)."); *Taub*, 439 B.R. at 283 ("[T]he record does not show that the Debtor served this motion [for sanctions] on the Trustee twenty-one days before filing it . . . . That is, the Debtor did not comply with the safe harbor provision of Rule 9011. For this reason alone, the Debtor's request for sanctions under Rule 9011 must be

[3] The Court notes that service of the motion itself does not comply with Bankruptcy Rule 9011(c)(1)(A). Bankruptcy Rule 9011(c)(1)(A) provides that a motion for sanctions "shall be served as provided in Rule 7004." Fed. R. Bankr. P. 9011(c)(1)(A). Bankruptcy Rule 7004 provides the method for service of a summons and complaint in an adversary proceeding. The affidavit of service filed by defendant states that Guarino was served "c/o Robert M. Bursky, Esq., 68 South Service Road, Suite 100, Melville, New York 11747." [dkt. no. 36-4]. That does not comport with Bankruptcy Rule 7004.

denied."); *In re Galgano*, 358 B.R. 90, 101-02 (Bankr. S.D.N.Y. 2007) (requiring strict procedural compliance with Rule 9011 and denying a motion for sanctions because "the moving party failed to comply with the safe-harbor provision" (citing *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449, 452 (E.D.N.Y. 1995))).

In sum, because the record placed before the Court does not establish that defendant complied with Bankruptcy Rule 9011(c)(1)(A)'s safe harbor provision before filing the motion for sanctions with the Court, the motion is denied. *Thomas v. Daneshgari*, 997 F. Supp. 2d 754, 766-67 (E.D. Mich. 2014) (denying motion for sanctions because movant provided no proof to support allegation in the motion to demonstrate Fed. R. Civ. P. 11's safe harbor provision was properly adhered to); *Taub*, 439 B.R. at 282 ("The consequences of failure to comply with the safe harbor provisions are significant."). Because the motion for sanctions is denied on the grounds that defendant did not comply with the twenty-one-day safe harbor provision, the Court need not, and does not, address the merits of the motion.

III. Conclusion

For the foregoing reasons, defendant's motion asking the Court to impose sanctions against Guarino and Bursky under Bankruptcy Rule 9011 is denied.

SO ORDERED.




**Dated: March 29, 2019**
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**